UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THOMAS MCMANAMON

          Plaintiff,

- against -

THE DEPARTMENT OF VETERANS
AFFAIRS; VERONICA FOY, Associate Director,

          Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-2820 (RRM)(JO)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

Plaintiff brings this claim under 42 U.S.C. § 1983 *pro se* alleging that defendants did not properly consider his federal work and military experience when he applied for a job. Plaintiff seeks to be hired as an "I.T. Specialist for one of the 2 jobs [he] listed or hired as an I.T. Specialist for a government job that [he is] qualified for" and unspecified damages. (Compl. (Doc. No. 2) at ¶ V.) By Order dated May 10, 2011 the action was transferred from the United States District Court for the Southern District of New York. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons discussed below, plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted, with leave to file an amended complaint within 30 days.

## BACKGROUND

Plaintiff alleges that in September 2010 he contacted the Department of Veterans Affairs ("VA") seeking employment since his job with the United States Census Bureau was ending. He was informed by the Chief of Technology at the VA that he should apply for a position as an I.T. Specialist through "USAJOBS.GOV" and seek certification with the Department of

Examinations Unit ("DEU"). In February and March 2011, the DEU informed him that he was "qualified for the job of I.T. Specialist but not found ranked among the highest qualified, therefore [his] application would not be referred to the hiring agency." (Compl. at ¶ III(C).) Plaintiff alleges that defendant Foy makes "all the final decisions" and has prevented him from employment as an I.T. Specialist and "has defamed [his] character because of the time [he] spent in alcohol detox more than 8 years ago." (*Id.*) He alleges that he is being "discriminated [against] for the time [he] spent in alcohol detox more than 8 years ago," and that "[he is] not being recognized for being an honorably discharged veteran of the U.S.A.F. . . . [or] for the last 2 years of government service with the US Census Bureau." (Compl. at ¶ IV.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474–76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While " 'detailed factual allegations' " are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

Plaintiff asserts his claims pursuant to 42 U.S.C. § 1983. Such a claim must be brought against a state, not federal, actor. *See* 42 U.S.C. § 1983 (permitting suit against a person acting under the authority of any "State or Territory or the District of Columbia"). However, since plaintiff is proceeding *pro se*, the court will construe his claims against the VA, a federal agency, and Foy, a federal employee, as an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 391 (1971).

However, a *Bivens* claim can only be brought against a federal employee in his individual capacity. It cannot be maintained against the United States, its agencies, or its employees in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *Platsky v. CIA*, 953 F.2d 26, 28 (2d Cir. 1991) ("[E]ven in *Bivens* actions jurisdictional limitations permit a plaintiff to sue only the federal

3

government officials responsible for violating the plaintiff's constitutional rights; a plaintiff cannot sue the agency for which the officials work.") (citations omitted); *Hylton v. Fed. Bureau of Prisons*, No. 00-CV-5747 (RR), 2002 WL 720605, at *2 (E.D.N.Y. 2002). Thus, plaintiff's *Bivens* claim against defendant VA is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent the complaint can be liberally construed as raising a claim of discrimination by a federal agency based on alcoholism in violation of the Rehabilitation Act, 29 U.S.C. § 791, the claim must fail, as plaintiff has not alleged any facts from which the Court may infer exhaustion of administrative remedies. *See* 29 U.S.C. § 794a(a)(1); *Boos v. Runyon*, 201 F.3d 178, 181 (2d Cir. 2000). However, in an abundance of caution, and in deference to plaintiff's *pro se* status, plaintiff is granted leave to amend the complaint to allege exhaustion.[1] *See, e.g., Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003); *Gomez*, 171 F.3d at 795.

While plaintiff may be able to bring a *Bivens* claim against defendant Foy in her individual capacity,[2] he has not stated a claim with this complaint. In a *Bivens* action, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation. *Iqbal*, 129 S.Ct. at 1948 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a

---

[1] Section 501 of the Rehabilitation Act incorporates the procedural requirements that apply to lawsuits under Title VII, 42 U.S.C. § 2000e-16. *See* 29 U.S.C. 794a(a)(1). In order to exhaust administrative remedies of the statutory process, a plaintiff must first initiate contact with an agency (in this case the VA) EEO counselor. 29 C.F.R. § 1614.105(a). Thereafter, if this informal effort fails to satisfy him, he may file a formal EEO complaint. The agency has 180 days to investigate. *Id.* § 1614.108(e). An agency may dismiss a complaint if the complaint fails to state an employment discrimination claim under various statutes including the Rehabilitation Act. *Id.* § 1614.107(a)(1). If the agency does not act on the complaint within 180 days, the plaintiff may bring a civil action in a district court. *Id.* § 1614.407(b). If the agency issues a notice of final action, plaintiff has 90 days to file a civil action in district court. *Id.* § 1614.407(a).

[2] Plaintiff's complaint may also be precluded by the design of the government program or programs under which defendants were operating. Courts are generally hesitant to extend the reach of *Bivens* actions when "the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration." *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988).

4

plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Thomas v. Ashcroft,* 470 F.3d 491, 496 (2d Cir. 2006) ("[I]n *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."); *Ellis v. Blum,* 643 F.2d 68, 85 (2d Cir. 1981). The allegation that Foy "defamed" plaintiff in connection with the time plaintiff "spent in alcohol detox," (Compl. at ¶ III(C)), does not rise to the level of a constitutional violation under *Bivens. See, e.g., Schweitzer v. Dep't of Veterans Affairs,* 23 F. App'x 57, 59 (2d Cir. 2001). Nor is a claim for defamation cognizable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et. seq. Thomas v. Dep't of Veterans Affairs,* No. 05-CV-5348 (LAK)(THK), 2006 WL 1636738, at *5 (S.D.N.Y. Apr. 3, 2006) ("The FTCA expressly excludes from its waiver of sovereign immunity '[a]ny claim arising out of . . . libel, slander, [or] misrepresentation.' " (quoting 28 U.S.C. § 2680(h)) (alterations in original)); *accord Devlin v. United States,* 352 F.3d 525, 536 (2d Cir. 2003). Thus, the complaint against defendant Foy is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, the Court dismisses the instant *pro se* complaint. 28 U.S.C. § 1915(e)(2)(B)(ii). However, if plaintiff seeks to raise a *Bivens* claim, he is granted thirty (30) days from the date of this Order to file an amended complaint that properly asserts exhaustion of administrative remedies, and alleges sufficient personal involvement of a federal official to state a cognizable claim. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the complaint. No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this Order.

If submitted, any amended complaint will be reviewed for compliance with this Order and 28 U.S.C. § 1915(e)(2)(B). If plaintiff fails to replead within the time allowed by this Order, judgment dismissing this action shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 27, 2011

ROSLYNN R. MAUSKOPF
United States District Judge